## ROWE v. COUCH.

*A creditor taking a mortgaged estate in satisfaction of a debt due from the mortgagee, does not alter the right or duty of the mortgagor.*

ACTION of the case, declaring that on the 5th of December A. D. 1786 he was indebted to Charles M'Evers and James Seagrove £162 10s. 8d. York money, for which he gave his bond and also a mortgage of his farm in New Milford; that on the 4th of October last, Jared Lane, attorney to said M'Evers and Seagrove, held his bond on which was due £3 6s. 9d. for interest, and the defendant as substitute to said Lane, called upon the plaintiff for payment, or some further security for said interest money; and the plaintiff to secure said interest deposited in the hands of the defendant, a note the plaintiff held upon     Eastman, for £25 lawful money, payable in cattle, horses, etc. which the defendant received and engaged to return to the plaintiff upon said sum of £3 6s. 9d. interest being paid, for which note the defendant gave his receipt in writing under his hand, etc.

That Jabez Bacon of Woodbury, recovered a judgment against M'Evers and Seagrove for £155 5s. lawful money, for which he had execution and levied it upon the plaintiff's farm, mortgaged to said M'Evers and Seagrove aforesaid, and had it appraised off in satisfaction of said execution on the 19th of October last past, at which time there was due on said bond and mortgage to said M'Evers, etc. the sum of £149 9s. 9d. lawful money only, for principal and interest; that the whole of the debt due from the plaintiff to said M'Evers, etc. both principal and interest was paid, and that the plaintiff had right to receive back said £25 note upon said Eastman, which was pledged with° the defendant for security of said interest agreeable to the tenor of said receipt — of all which the defendant had notice, and said note demanded, particularly on the 29th of November inst. and thereupon the defendant became liable to pay the plaintiff the amount of said Eastman's note, and in consideration thereof assumed and promised, etc. damage £30 — writ dated 30th November 1790.

The defendant prayed oyer of said receipt and recites it, being as follows, Received of Thomas Rowe a note upon Eastman for £25 lawful money, payable in cattle, horses, etc. which note is put into my hands for security of £3 6s. 9d., due for interest on a bond, given by said Rowe to Charles M'Evers, which note I am to deliver up to said Rowe upon said interests being paid; and thereupon says that the plaintiff's declaration and matters therein contained are insufficient in the law.

Judgment — That the declaration is insufficient. The receipt produced on oyer is a different receipt from that declared upon as the ground of the plaintiff's action. A debt to Charles M'Evers is essentially different from a debt to the company of M'Evers and Seagrove. Besides, the plaintiff hath not paid his debt. Bacon's taking the plaintiff's farm by execution may entitle him to receive the money from the plaintiff, but hath not altered the nature of the mortgaged premises, nor in any manner paid or satisfied the plaintiff's debt.